Radcliff, ,J.
I understood the mate’s claim to be fouud* ed on his office, as a privilege annexed.

Per Curiam.

The facts of this case arise merely from the depositions of witnesses. Thom these it appears that the plaintiff purchased of one Bonsall, the mate of a vessel, three logs of mahogany; that, at this time, the captain and consignee were present, as is stated by the witnesses of the plaintiff. On the case, as presented to us, there is some degree of contradiction in the testimony, which, as it was laid before the jury, they, no doubt, duly estimated. In this action, property and possession must be shown.(a),[1] The only evidence of this property and possession is from the testimony of Mackworth and Smith. They state, that the price contracted for, between Bonsall and the plaintiff, was one hundred dollars; and Smith, ás a reason for a [*19] gross sum being ^agreed upon, adds, “ that it was to save the trouble of having the mahogany measured.” Marshall, the'public measurer, deposes, that he did *31 measure the whole cargo, and that the mate sold them, after whey were so measured. That, at the mate’s request, the «marge of measuring was debited to Eoget, the consignee, who paid for it; and that the mate himself acknowledged ¿e did not own any three particular logs, but that he had A right to make choice of three, and would settle for it with Eoget. After this testimony is delivered, Smith recollects that the mahogany had been measured, and that he saw the measurer’s marks bn the logs; though, before that, he assigns its non-measurement as a specific reason for a gross price of one hundred dollars being agreed as the purchase-money. After this, a release being produced from Burling, the defendant, Eoget, the consignee, was admitted very properly as a witness, and he is followed by his clerk. Under these circumstances, it must be taken for granted that the jury weighed Smith’s credibility; and if so, there could be no doubt that there was neither property nor possession in the plaintiff. It is urged as a reason for a new trial, that the judge’s charge precluded certain testimony; or, at least, prevented the jury from weighing it; for, the judge charged that it was necessary to show an acquiescence in Eoget. But it must be presumed to have been understood by the jury, that Eoget’s acquiescence was' necessary for Heyl to show property in himself; and, on this point, we think that the mate, Bonsall, must have shown property, as the consignment was to Eoget entirely.. The testimony of Smith was wry properly disregarded, and the verdict ought to stand. The release of Bonsall, being after his examination, and when the interest he had must have had its full influence and operation on his testimony, came too late, and could not be received.(a)
New trial refused.

 To maintain the action of trover, there must be a right of possession and a right of property. The right to the possession must be immediate, (Gordon v. Harper, 2 Esp. Rep. 465,) that is, the plaintiff must be entitled to the possession of the goods at the time of the action brought; but, it is not necessary that actual possession should ever have been enjoyed;, a possession in law is sufficient. Hudson v. Hudson, Latch, 214. Flewellin v. Rave, 1 Bulst. 68. The right of property may be absolute, Pyne v. Dor, 1 D. & E. 55 ; Blaker v. Anscombe, 1 N. R. 25,) or special, as that of a bailee, (Arnold v. Jefferson, 1 Ld. Raym. 275,) or a carrier, (Goodwin v. Richardson, I Roll. Abr. 4,) or a sheriff, (Wilbraham v. Snow, 2 Saund. 47,) but the right of property and possession must unite in the plaintiff. Gordon v. Harper, ub. sup. See also Webb v. Fox, 7 D. & B. 391. In addition to these requisites in the plaintiff, the subject matter of the suit must be a personalty. Eiwes v. Shaw, 3 East, 51. Quaere, whether, in regard to the subject, Todd V. Crookshanks, 3 Johns. Rep. 432, be reconcilable with Goggerley v. Cuthbert, . N. R. 170. Observe, that possession alone gives a right of property against wrongdoers, and all the world except the ^ght owner. Armory v. Delamirie, 1 Stra. 505. Webb v. Fox, ub. sup.

 See also McDonald v. Hewett, 15 J. R. 349.

 A release to render a witness competent must destroy, in regard to the object of controversy, his liability to both parties, and that, as well in equity as at law. Cheyne v. Koops, 4 Esp. Rep. 112. See Heermance v. Venoy. 6 Johns. Rep. 5, as to competence of vendors.